# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>WILLIAMS COLLEGE, )<br>)<br>    Defendant. )<br>)<br>) | Civil Action 20-30024 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS UNOPPOSED MOTION TO PROCEED UNDER A PSEUDONYM

Plaintiff John Doe ("Doe," a pseudonym) hereby requests permission to proceed under pseudonym in the instant case.

## STATEMENT OF FACTS

At all times relevant to this case, plaintiff John Doe was a student at Williams College ("Williams"). (¶ 11[1].) In November 2016, Doe and a fellow student, Sally Smith ("Smith," also a pseudonym), went on a date, during which they kissed and touched each other. (¶ 13.) Smith revealed to Doe during their date that due to religious restrictions she had never previously kissed a boy. (¶¶ 2, 14.) A few days after the date, Smith contacted Doe in text messages telling him that their date was "amazing," that she felt "liberated" and "happy" following their encounter, and that she had not felt so happy since coming to college. (¶ 17.) Doe did not respond to her message for several days; when he did, he told her that he was "going to be super busy until the end of the semester." (¶ 18.)

---

[1] Unless otherwise indicated, paragraph references herein are to the Complaint filed in this action.

In January 2017, Smith again reached out to Doe and asked to speak. (¶ 19.) They mutually agreed to meet in his room. (¶ 19.) Smith accused Doe of disrespecting her religious values by not pursuing a relationship with her after their encounter. (¶¶ 19-20.) Doe apologized but explained that he was not emotionally available and did not want her to wait in the hope of a relationship. (¶ 20.) After spending more time together, Doe and Smith again kissed and touched each other. (¶¶ 21-22.) Smith consented, specifically and verbally, to everything that they did together. (¶¶ 21-22.)

In April 2017, Smith falsely alleged to Williams that Doe had kissed her and touched her without her consent both in November and in February. (¶ 26.) Williams retained an outside investigator to look into these allegations pursuant to its established "Process" for adjudicating complaints of sexual misconduct. (¶¶ 27-29, 44.) Although federal regulations and state law required an adjudication process that was "prompt and equitable," 34 C.F.R. § 106.8(b); "prompt, fair, and impartial," 34 C.F.R. § 668.46(k)(2)(i); "transparent to the accuser and accused," 34 C.F.R. § 668.46(k)(3)(i)(B)(*1*); and "conducted with basic fairness," *Schaer v. Brandeis University*, 432 Mass. 474, 481 (2000), Williams hid information from Doe and applied its policies unequally in favor of Smith's allegations. (*See generally* ¶¶ 45, 50, 57-58, 61, 63-71, 75.) Williams concealed the identities and statements of witnesses, and forbade Doe from investigating on his own. (¶¶ 48-50, 56-58.) It withheld evidence favorable to Doe from the fact-finders while permitting them to consider evidence submitted by Smith. (¶¶ 65-71.) Ultimately, a Williams hearing panel considered the matter without ever meeting with Doe, Smith, or any witnesses, based on a written record that contained no information about demeanor or credibility. (¶¶ 74, 84-85.) The hearing panel found that Doe "may not have intended to engage in nonconsensual sexual conduct" but that he "did, in fact, do so." (¶ 97.) The panel's written

decision made clear that the panelists misunderstood the evidence and Williams's policies. (¶¶ 87-100.) Nonetheless, Doe was suspended from Williams for one semester, and his educational record reflects that he was found responsible for nonconsensual sexual contact. (¶¶ 105, 110.)

The suspension and the finding of sexual misconduct have damaged Doe's reputation and will have life-long impacts on him personally and professionally. Without appropriate redress from the Court, Doe will be required to disclose this unfair and unwarranted disciplinary outcome – thereby essentially branding himself as a sex offender – to future academic institutions and employers. Litigating under his true name would broadcast Doe's identity and the allegations against him publicly. Doe seeks relief from the Court to undo the harms Williams has caused, and he should be allowed to do so under a pseudonym so as not to occasion the very harm he is trying to undo.

## ARGUMENT

Neither the Supreme Court nor the First Circuit has set forth a test to determine when a plaintiff may overcome the presumption of openness in judicial proceedings and proceed under pseudonym, but the balancing tests used by other circuits elucidate a number of factors to be considered in making the determination. Courts have made clear that the factors they enunciate are not exhaustive, and in the words of the Eleventh Circuit, "[a] judge, therefore, should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

In *Sealed Plaintiff v. Sealed Defendant #1*, 537 F. 3d 185 (2d Cir. 2008), the Second Circuit explained that the decision as to whether a plaintiff may proceed pseudonymously requires a balancing of the plaintiff's interest in anonymity with the public interest in disclosure,

and any prejudice to the defendant. *Id.* at 189; *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995) ("The analysis is as follows: 1) there is a presumption in favor of disclosure; 2) a party may rebut the presumption by showing that a need for confidentiality exists; 3) the court must balance the need for confidentiality against the public interest in disclosure."). The Ninth Circuit has held that the circumstances in which pseudonymous litigation is appropriate include: "(1) when identification creates a risk of retaliatory physical or mental harm, . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . ; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution' . . . ." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted).[2] The various factors considered by courts in assessing whether to allow plaintiffs to proceed under pseudonym, discussed below, demonstrate the necessity of a pseudonym in this case.

---

[2] Similarly, the Third Circuit has endorsed a test of nine non-exhaustive factors in addressing the balance between the presumption of public access to the courts and the need for confidentiality in specific cases. *See Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011). In the Third Circuit, six factors may weigh in favor of anonymity: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409, quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997). Meanwhile, three other factors may weigh in favor of disclosure: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Megless*, 654 F.3d at 409, quoting *Provident Life*, 176 F.R.D. at 467-68.

1. <u>This Litigation Involves Highly Sensitive Matters.</u>

One factor considered by various courts is "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature.'" *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d. at 190. This case deals with one of the most highly sensitive and personal topics litigation can address – the sexual conduct of two people. *See Doe v. Purdue University,* No. 2:17-CV-33-JTM-PRC, 2017 WL 2350290, at *2 (N.D. Ind. May 31, 2017) ("[T]his litigation requires the disclosure of 'information of the utmost intimacy,' as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings."); *Doe v. University of St. Thomas*, No. 16-CV-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) (unpublished) ("The complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters. Numerous courts, considering similar cases, have allowed plaintiffs to proceed pseudonymously in large part because of the very intimate nature of the claims at issue."); *See also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects"); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm.").

2. <u>Identification Poses Risks to Doe and Smith.</u>

Another factor is "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. If Doe is identified, he risks retaliatory physical and mental harm from those who may believe Smith's allegations. Recent publicized cases at Columbia University[3] and Wofford College,[4] among others, demonstrate the virulence towards college men accused of sexual misconduct when they are publicly identified, even where the school finds them not to have committed such assault, and if Doe's identity is disclosed he is likely to be the target of similar threats, harassment, and intimidation (both on the internet and possibly in person) as were those men. *See Doe v. Trustees of Dartmouth College*, No. 18-CV-00040-LM, Opinion No. 2018 DNH 088 (D.N.H. May 2, 2018), at 14 ("Plaintiff has a reasonable fear that, whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation.").

Moreover, identifying Doe poses a risk that Smith will also be identified. Williams College is a relatively small community, and Smith is or was recently a student at Williams. Were Doe to be identified, it seems likely that students who know either Doe or Smith might identify her, and her involvement in this case and in sexual interactions with Doe could then become public, potentially causing her unwarranted embarrassment. Concealing Doe's identity will greatly reduce the chance that Smith will be identified. *See Doe v. Colgate University,* No.

---

[3] *See* Kate Taylor, "Columbia Settles With Student Cast as a Rapist in Mattress Art Project," N.Y. TIMES (July 14, 2017), *available at* https://www.nytimes.com/2017/07/14/nyregion/columbia-settles-with-student-cast-as-a-rapist-in-mattress-art-project.html.

[4] *See* Jenni Fink, "Students Cleared of Rape Sue College, Claim They Were Sexually Harassed By Allegations," NEWSWEEK (May 9, 2019), *available at* https://www.newsweek.com/students-cleared-rape-sue-college-claim-sexually-harassed-1420978.

515CV1069LEKDEP, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) ("[T]he Court finds that protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected."); *Doe v. Trustees of Dartmouth College*, *supra* at 14-15.

    3. <u>Identification Would Incur the Very Injury Doe Litigates Against.</u>

A third factor is "whether identification presents other harms and the likely severity of those harms, . . . including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Sealed Plaintiff*, 537 F.3d at 190. Doe challenges Williams' unlawful determination that he had nonconsensual sexual contact with Smith. A significant harm that flows from Williams' illegal actions is the association of Doe's name as a perpetrator of sexual misconduct, and the attendant educational and employment losses that will follow from being identified as engaging in nonconsensual sexual activity. Were Doe to be identified in this litigation, he would suffer the harm of having Smith's accusations against him become public knowledge. Even if Doe prevails on his claims, and the Court determines that Williams improperly handled the case against him, leading to erroneous decisions, Doe's name will nonetheless be forever linked with allegations of sexual misconduct if the process of litigating this case reveals his name publicly. Because that is precisely one of the harms Doe seeks to challenge in this suit, disclosing his name is not appropriate. *See, e.g.*, *Doe v. Trustees of Dartmouth College*, *supra* at 13-14 (noting that using plaintiff's true name in litigation "will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation"); *Doe v. Purdue University*, No. 2:17-CV-33-JTM-PRC at *3 ("If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving that the

charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity 'would further exacerbate the emotional and reputational injuries he alleges.'") (internal citation omitted). *See also Doe v. Cabrera,* 307 F.R.D. at 6-7 ("[C]ompelling the plaintiff to identify her name on every court filing would make the plaintiff's name indefinitely available to the public. Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. . . . Although the Court appreciates the public benefits of the Internet, it has the unfortunate drawback of providing an avenue for harassing people as well.") (internal citation omitted).

4. <u>Anonymity is Appropriate Because Doe Challenges Private Rather Than Government Action.</u>

A fourth factor that weighs in Doe's favor is "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. As courts in other circuits have noted, when a plaintiff challenges the government there is more of a public interest in having a public proceeding. *See M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) ("Plaintiff's claim to relief clearly involves the use of public funds, and the public certainly has a valid interest in knowing how state revenues are spent."); *Doe v. Greiner,* 662 F. Supp. 2d 355, 361 (S.D.N.Y. 2009) ("Petitioner challenges the actions of the prosecutor and the state court system, as well as the performance of his appointed counsel. There is a strong interest in airing and resolving these issues in public proceedings, as recognized by the fifth factor named in *Sealed Plaintiff*"). Here, no governmental entity is a party.

5. <u>The Defendant is Not Prejudiced by Allowing Doe To Proceed Pseudonymously.</u>

Another factor courts have identified is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs

at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. *See also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."). There is no prejudice to Williams if Doe proceeds pseudonymously. Williams knows Doe's and Smith's identities, and allowing Doe to proceed under a pseudonym will not inhibit Williams' ability to investigate or defend against the claims or to conduct discovery in this case. *Doe v. Cabrera*, 307 F.R.D. at 8 ("Courts generally find little to no risk of unfairness to an accused defendant in sexual assault cases where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously."); *EW v. New York Blood Ctr.,* 213 F.R.D. at 112 ("[D]efendant has not identified any prejudice to its ability to conduct discovery or try the matter if [the] plaintiff were to proceed under a pseudonym").

Furthermore, this is not a case where Doe is protecting his own private information but disclosing that of the defendant. The case revolves around Williams' policies and practices, and their implementation of those policies and practices in Doe's case. There is nothing private about disclosure of those policies, which are all publicly available, and how Williams has implemented them. *Contrast Anonymous v. Simon*, No. 13 CIV. 2927 RWS, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) (finding prejudice to the defendant where plaintiff alleged she contracted a sexually transmitted infection from him and named him but attempted to keep her own identity anonymous); *Cf. Doe v. University of Connecticut,* No. 3:09 CV 1071 JGM, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) (allowing plaintiff to proceed under pseudonym even though defendant university was named, but where individual alleged to have committed illegal acts was also given a pseudonym).

6. <u>Doe's Name Has Thus Far Been Kept Confidential.</u>

Another consideration is "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. *See also Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (same); *Doe v. Standard Ins. Co.,* No. 1:15-CV-00105-GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential . . . ."). To date Doe's identity has been kept entirely confidential. The disciplinary proceedings at Williams were kept confidential; upon information and belief, Doe's identity was known only to those who participated in the proceedings (and to a subset of the Williams community to whom Smith spread her allegations without his consent). Doe certainly has not publicized his identity or invited any publicity about the matter. This factor strongly favors allowing him to proceed by pseudonym. *Compare Doe v. Purdue University,* No. 2:17-CV-33-JTM-PRC, at *3 (finding the name of plaintiff who was challenging school disciplinary proceeding had thus far been kept confidential) *with Klein v. City of New York*, No. 10 CIV. 9568 LAK JLC, 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011) (denying motion to proceed under pseudonym where litigant's name had already been used in pleadings) *and Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion to proceed under pseudonym in a civil case for sexual assault, noting "plaintiff has conceded that the press has known her name for some time. Indeed, plaintiff makes it clear that the press has been aware of both her residence and her place of employment. Hence, her identity is not unknown.").

7. <u>The Public's Interest in This Case is Not Furthered by Disclosure of Doe's Name.</u>

Courts also considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. *See also Doe v.*

*Megless,* 654 F.3d 404, 409 (3d Cir. 2011) (considering "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity."). In this case the public's interest in the litigation will not be furthered by disclosure of Doe's identity. The lawsuit raises questions of law about whether the manner in which Williams handles cases alleging sexual misconduct is fair or lawful. The identity of the specific plaintiff here is not relevant to public assessment of those issues.

8. <u>There is No Other Method to Protect Doe's Confidentiality.</u>

Finally, the court should consider "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. There is no way to protect Doe's confidentiality, and prevent him from incurring the harm of being labeled as someone accused of sexual assault, other than to allow him to proceed under a pseudonym. *See Doe v. Purdue University*, No. 2:17-CV-33-JTM-PRC at *4 (finding no other way to protect the identity of a suspended student suing his school). Unlike cases where there are specific facts that a plaintiff wants to keep confidential, and which thus can be addressed through limited sealing of documents, the fact that must be kept confidential in order to protect Doe is his identity. *Contrast Anonymous v. Medco Health Solutions, Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (Rejecting the plaintiff's claim that identifying him in the litigation would disclose his personal health information to the public, because the sensitive health information could be redacted as it arose in pleadings).

In numerous recent cases, the district courts in the First Circuit have allowed plaintiffs alleging improper discipline by their colleges and universities to proceed under pseudonym. *See, e.g.*, *Doe v. Trustees of Boston College*, No. 19-cv-11626 at Docket No. 34 (D. Mass. Aug. 20, 2019); *Doe v. Clark University*, No. 19-cv-40050 at Docket No. 28 (D. Mass. Aug. 13, 2019);

*Doe v. Trustees of Dartmouth College*, No. 19-cv-13 (D.N.H. Jan. 9, 2019); *Doe v. Trustees of Dartmouth College*, No. 18-cv-00040-LM, Opinion No. 2018 DNH 088 (D.N.H. May 2, 2018); *Doe v. Harvard University*, No. 18-cv-12150 at Docket No. 8 (D. Mass. Nov. 7, 2018); *Smith v. Brown University*, No. 18-cv-126 at Docket No. 13 (D.R.I. Apr. 27, 2018); *Doe v. University of Massachusetts-Amherst*, No. 3:17-cv-30145 at Docket No. 15 (D. Mass. Oct. 18, 2017); *Doe v. Williams College*, No. 3:16-cv-11740 at Docket No. 10 (D. Mass. Nov. 29, 2016); *Doe v. Brown University*, No. 1:16-cv-00017 (D. R.I. March 23, 2016); *Doe v. Clark University*, No. 4:15-cv-40113 at Docket No. 21 (D. Mass. Feb. 3, 2016); *Doe v. Western New England University*, No. 3:15-cv-30192 at Docket No. 37 (D. Mass. Feb. 2, 2016); *Doe v. Amherst College*, No. 3:15-cv-30097 at Docket No. 16 (D. Mass. June 30, 2015); *Doe v. Boston College*, No. 1:15-cv-10790 at Docket No. 17 (D. Mass. June 22, 2015); *Doe v. Brandeis University*, No. 1:15-cv-11557 at Docket No. 28 (D. Mass. June 17, 2015); *Doe v. Brown University*, No. 1:15-cv-00239 at Docket No. 3 (D. R.I. June 15, 2015); *Doe v. Brown University*, No. 1:15-cv-00144 at Docket No. 4 (D. R.I. April 17, 2015); *Doe v. University of Massachusetts-Amherst*, No. 3:14-cv-30143 at Docket No. 30 (D. Mass. March 30, 2015); *Doe v. Williams College*, No. 1:13-cv-11740 at Docket No. 12 (D. Mass. September 5, 2013). *Cf. Doe v. Saint Anselm College*, No. 1:15-cv-00455 at Docket No. 11 (D. N.H. Dec. 11, 2015) (granting protective order and *sua sponte* sealing the Complaint and Motion for Protective Order). *See also Doe v. Colgate University*, No. 515CV1069LEKDEP, at *3 ("[T]he Court takes note that courts across the country have allowed plaintiffs alleging similar claims against colleges and universities stemming from investigations of sexual assault to proceed anonymously.").

Like these students, Doe has demonstrated the serious harm that will befall him if he is required to litigate this case under his own name. Doe has further demonstrated that Williams will not be prejudiced by his use of a pseudonym.

## CONCLUSION

For the foregoing reasons, Doe respectfully requests that this Court grant his Motion to Proceed Under Pseudonym and order that all documents filed in this matter refer to him only as "John Doe," and grant such other and further relief as may be just and equitable. Doe requests oral argument in the event that the Court deems it helpful to the consideration of this Motion.

Date: February 18, 2020

                                        Respectfully submitted,

                                        /s/David A. Russcol_____
Ruth O'Meara-Costello (BBO No. 667566)
David A. Russcol (BBO No. 670768)
ZALKIND DUNCAN & BERNSTEIN LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020 (telephone)
(617) 742-3269 (fax)
rcostello@zalkindlaw.com
drusscol@zalkindlaw.com
*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record through the ECF system on the above date. In addition, I have caused copies of the foregoing document to be served on Daryl Lapp, Esq., on behalf of the Defendant, by email and U.S. mail on the above date.

                                        /s/David A. Russcol_____