## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action 20-30024-MGM |
| ) | |
| ) | |
| WILLIAMS COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Plaintiff John Doe ("Plaintiff") and Defendant Williams College ("Defendant"), through their counsel, hereby submit their Joint Statement pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference. Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties conferred in anticipation of the scheduling conference set by the Court for June 1, 2020.

**I.   PROPOSED JOINT DISCOVERY PLAN AND SCHEDULE FOR MOTIONS**

    **A.**   Initial Disclosures. The parties have served their initial disclosures under Fed. R. Civ. P. 26.

    **B.**   Timing and Sequence of Discovery. The parties propose to have all merits and fact discovery, including service and responses to written discovery requests and all depositions completed by March 1, 2021.

    **C.**   Dispositive Motions, including Motions for Summary Judgment.  All dispositive motions, including Motions for Summary Judgment, shall be filed and served no later than March 31, 2021.  Oppositions to dispositive motions and any reply briefs shall be served

within the time period set by the Federal Rules of Civil Procedure and the Local Rules of the Court, with a hearing on said motion(s) to be scheduled by the Court.

**D.** Expert Witnesses. In the event that any of the parties determine that they may call an expert witness at trial, the deadline to make required disclosures under Fed. R. Civ. P. 26(a)(2) shall be as follows:[1]

1. Plaintiff shall disclose his Expert Witness(es) within 30 days after any dispositive motion is denied in whole or in part, or if no dispositive motion is timely filed, by April 30, 2021.

2. Defendant shall disclose its Expert Witness(es) within 30 days after the deadline in (1) above.

3. Discovery of Expert Witnesses, including completion of expert depositions, if any, shall be concluded within 60 days after the deadline in (1) above.

**E.** Discovery Limits. The parties agree to limit their discovery in accordance with the Local Rules, but each reserves the right to agree to additional discovery or to seek permission from the Court to pursue additional discovery, if necessary.

**F.** Electronically Stored Information. The parties agree that there is electronically stored information relevant to this case. The parties agree that documents should be produced in electronic format if possible, and preferably in a format that preserves any available metadata.

## II. ALTERNATIVE DISPUTE RESOLUTION

---

[1] The parties currently anticipate utilizing expert witnesses, if at all, on issues of damages rather than liability. Each party reserves the right to seek a modification of the discovery schedule if it determines that an expert witness would be relevant to liability.

Pursuant to Local Rule 16.1(C), Plaintiff's counsel has provided Defense counsel with a settlement proposal. Defense counsel has conferred with its client with regards to Plaintiff's proposal. At this time, the parties have not reached an agreement to participate in Alternative Dispute Resolution.

### III.  CERTIFICATIONS

Pursuant to Local Rule 16.1(D)(3), each party will file separately their certification affirming that each party and party's counsel have conferred regarding the costs of litigation and alternatives to litigation and have conferred regarding alternative dispute resolution.

### IV.  TRIAL BY MAGISTRATE JUDGE

At this time, the parties have not reached an agreement to consent to trial by Magistrate Judge.

### V.  OTHER MATTERS TO BE DISCUSSED AT THE SCHEDULING CONFERENCE

The parties are discussing a proposed protective order to address concerns about privacy of the Plaintiff, the complainant, and other students, among other things. The parties may be in a position to propose a protective order jointly by the time of the scheduling conference and will endeavor to do so in advance of the conference.

| | |
|---|---|
| Respectfully submitted,<br>WILLIAMS COLLEGE<br>By its attorneys, | Respectfully submitted,<br>JOHN DOE,<br>By his attorneys, |
| /s/     Daryl J. Lapp | /s/     David A. Russcol |
| Daryl J. Lapp (BBO No. 554980)<br>daryl.lapp@lockelord.com<br>Elizabeth H. Kelly (BBO No. 672277)<br>liz.kelly@lockelord.com<br>LOCKE LORD LLP<br>111 Huntington Avenue<br>Boston, MA  02199<br>617.230.0100 | Ruth O'Meara-Costello (BBO #667566)<br>David A. Russcol (BBO #670768)<br>Zalkind Duncan & Bernstein LLP<br>65A Atlantic Avenue<br>Boston, MA 02110<br>Tel: (617) 742-6020<br>Fax: (617) 742-3269<br>rcostello@zalkindlaw.com<br>drusscol@zalkindlaw.com |
| May 22, 2020<br>Date | May 22, 2020<br>Date |

**CERTIFICATE OF SERVICE**

I, David A. Russcol, hereby certify that on May 22, 2020 a copy of the foregoing document, filed through the ECF system, will be served on parties as provided by the Notice of Electronic Filing (NEF).

 /s/ David A. Russcol