UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-30024-KAR |
| | ) |
| WILLIAMS COLLEGE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO CERTIFY QUESTIONS OF LAW TO THE MASSACHUSETTS SUPREME JUDICIAL COURT
(Dkt. No. 43)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

Plaintiff John Doe's suit against Williams College ("Williams" or "the college") challenges the disciplinary proceeding that resulted in his one semester suspension from Williams for sexual misconduct with a fellow student. Plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, and violation of Title IX of the Education Amendments of 1972 ("Title IX"). Doe has asked the court to certify questions of law to the Massachusetts Supreme Judicial Court ("SJC") including whether a student who has been charged with misconduct is entitled to a live hearing when witness credibility may be key to the outcome of the proceeding. The parties have consented to this court's jurisdiction (Dkt. No. 23). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons that follow, Doe's motion is DENIED.

II.     RELEVANT BACKGROUND[1]

In response to a student's complaint of sexual misconduct by another student, the Williams College Investigation and Adjudication Process for Sexual Misconduct (including sexual assault and sexual exploitation) and for Stalking, Dating Violence, and Domestic Violence (the "Process") directed the Dean of the College to appoint an independent investigator. The investigator interviewed the complainant, respondent, and other witnesses and gathered evidence.  During the investigator's interviews of the complainant and respondent, they had the opportunity to respond to each other's version of the events that formed the basis of the sexual misconduct complaint.  The investigator's written report contained the complainant's and respondent's accounts of the events and their responses to the other's account but did not make credibility assessments.  The college submitted the investigator's written report, the exhibits, and the complainant's and respondent's written responses to the report to a three-member hearing panel.  After reviewing the written materials, the hearing panel decided whether or not the respondent violated the college's code of conduct.  The Process did not provide for the hearing panel to hear live testimony from the complainant, the respondent, or other witnesses during the liability phase of the Process.

Doe was disciplined for engaging in sexual misconduct with another student, Sally Smith (a pseudonym).  Doe claimed that Smith consented to the sexual contact.  Smith denied that she consented to the sexual contact.  After considering the written material, the college's hearing panel credited Smith's account, found Doe responsible for sexual misconduct, and suspended him for one semester.  In his breach of contract claim, Doe alleged, among other things, that he

---

[1] Williams has moved for summary judgement on all claims (Dkt. No. 36).  The court's separate memorandum and order granting Williams' motion contains a more detailed recitation of the facts.

was denied a fair proceeding because the hearing panel's credibility determination was made on the written record (Dkt. No. 1 ¶ 131).

    III.    LEGAL STANDARD

Doe seeks certification of questions of law under SJC Rule 1:03 § 1, which provides:

> This court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court, or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

S.J.C. R. 1:03 § 1.

    III.    ANALYSIS

Under Massachusetts law, a student handbook, or similar documents that describe a code of conduct and a disciplinary process, generally constitute a contract between an academic institution and a student. *See Doe v. Trs. of Boston Coll. (BC II),* 942 F.3d 527, 529-30 (1st Cir. 2019). To determine whether there was a breach of contract as a result of a disciplinary proceeding, federal and state courts examine how the disciplinary process was conducted to ascertain whether the academic institution failed to meet the accused student's reasonable expectations under the terms of the contract and whether the proceeding was conducted with basic fairness. *See id.* at 533; *Helfman v. Ne. Univ.*, 149 N.E.3d 758, 777 (Mass. 2020).

Doe's breach of contract claim was based in part on his contention that Williams failed to provide basic fairness when its process did not give the hearing panel the opportunity to "judge the credibility of Smith or other witnesses face-to-face" (Dkt. No. 1 ¶ 1; Dkt. No. 46 at 13-16). Doe asks this court to certify the following questions to the SJC:

- "[D]oes 'basic fairness' in a campus disciplinary proceeding, *see Schaer v. Brandeis Univ.*, 432 Mass. 474, 481 (2000), require that those making credibility determinations

- have an opportunity to question relevant individuals personally rather than judging credibility solely on a written record?"

- "[W]hat requirements does the obligation of 'basic fairness' impose on university disciplinary proceedings beyond compliance with established processes and procedures?"[2]

(Dkt. No. 43 at 1).  Williams opposes certification on the ground that there is controlling precedent in decisions of the SJC and the Massachusetts Appeals Court.  The court agrees with Williams.

To certify a question, there must be an absence of controlling state precedent.  S.J.C. R. 1:03 § 1.  "That a legal issue is close or difficult is not normally enough to warrant certification, or else diversity cases would regularly require appellate proceedings in two courts." *Boston Gas Co. v. Century Indem. Co.,* 529 F.3d 8, 15 (1st Cir. 2008).  Certification is necessary only "when 'the course [the] state court[] would take is [not] reasonably clear.'" *Easthampton Sav. Bank v. City of Springfield,* 736 F.3d 46, 51 (1st Cir. 2013) (first and second alterations in original) (quoting *In re Engage, Inc.,* 544 F.3d 50, 53 (1st Cir. 2008)).  This is not such a case.

It is true that the First Circuit recently indicated that "[b]oth Massachusetts and First Circuit case law in this realm of school disciplinary proceedings show that although denial of basic fairness is a recognized theory of recovery, the precise contours of such a claim are yet to

---

[2] Doe asks the court to certify two additional questions, those being whether "'basis fairness' require[s] that a university comply with all applicable federal and state laws and regulations in adjudicating disciplinary complaints of sexual misconduct?," and whether "the Defendant demonstrated an absence of genuine disputes of material fact concerning Counts I and II of the Complaint to the extent they are based on a violation of 'basic fairness'?" (Dkt. No. 43 at 1-2). As to the former, this question fails to identify a question of law which may be determinative of the outcome of the instant case.  As to the latter, this question is an inappropriate formulation for certifying a question to the Commonwealth's highest court, which is not in the business of deciding cases pending in this court.

be clearly defined." *Sonoiki v. Harvard Univ.*, 37 F.4th 691, 714 (1st Cir. 2022).[3] The court determined that although basic fairness was "one of the reasonable expectations a student has about the disciplinary process," its "root[s] in 'the implied covenant of good faith and fair dealing imposed on every contract by Massachusetts law'" made it "distinct" from a breach of contract claim based on the student's reasonable expectations. *Id.* at 714-15 (quoting *Doe v. Trs. of Boston Coll. (BC I),* 892 F.3d 67, 87 (1st Cir. 2018)).

In advocating for the court to certify legal questions to the SJC, Doe ignores *Coveney v. President and Trs. of the College of the Holy Cross,* 445 N.E.2d 136 (Mass. 1983), in which the SJC addressed the question of whether a private college was required to afford the student a hearing before he was expelled (Dkt. Nos. 44, 56). *Id.* at 140. The plaintiff student had agreed to sign a release of all claims against the college "in consideration for being granted a de novo hearing before the president of the college." *Id.* In his subsequent suit against the college, the student/plaintiff challenged the validity of the release on the ground that it lacked consideration because he had a contractual right to a hearing before the college's judicial board. *Id.* The SJC rejected that claim and held that the contract between the college and the student (the student handbook) was "clear" that the student/plaintiff was not entitled to a hearing before he was expelled. *Id.* In a more recent decision, the SJC repeated its unwillingness to alter a university's code of conduct in response to a student's claim of unfairness. *See Helfman,* 149 N.E.3d at 758.

In a sexual misconduct case in which the outcome turned on the credibility of the complainant and the respondent and the contract between the college and the student did not provide an opportunity for "quasi-cross-examination [of the complainant and the respondent] in

---

[3] The parties did not have the benefit of the First Circuit's decision in *Sonoiki,* which was issued after the parties submitted their briefs and after the court held a hearing in this case.

real time," the First Circuit relied on *Coveney* to reverse the lower court's finding that basic fairness required the private college to provide the opportunity for such a proceeding.  *See BC II*, 942 F.3d at 533-34.  The court noted that "Massachusetts law permits its colleges and universities flexibility to adopt diverse approaches to student discipline matters that do not meet federal due process requirements."  *Id.* at 535.  Other courts in this district have followed *BC II* (and *Coveney*) in rejecting claims that basic fairness requires a disciplinary proceeding with some form of live testimony.  *See Doe* v. *Williams Coll.,* 530 F. Supp. 3d 92, 120-21 (D. Mass. 2021) ("[s]ince the disciplinary process set out in the [c]ollege's written policies did not include an opportunity for the hearing panel to hear live testimony [including a form of cross-examination], basic fairness did not require such a proceeding.") (citing *BC II,* 942 F.3d at 533-34); *Doe v. Stonehill Coll., Inc.,* Civil No. 20-10468-LTS, 2021 WL 706228, at *14 (D. Mass. Feb. 23, 2021), *appeal docketed,* No. 21-1227 (1st Cir. Mar. 23, 2021) ("basic fairness under Massachusetts law does not entitle parties to a live hearing or cross-examination") (citing *BC II,* 942 F.3d at 534-36).

      The First Circuit did not exercise its discretion to certify questions about fairness in college disciplinary proceedings in *BC II* or in *Sonoiki*.  *See Philips v. Equity Residential Mgmt., LLC*, 844 F.3d 1, 4 n.7 (1st Cir. 2016) (noting that the First Circuit has discretion to certify questions to the SJC *sua sponte* and even over the parties' objections).  The relevant First Circuit opinions and the fact that the First Circuit has not deemed it necessary to ask the SJC whether basic fairness requires a private college or university to provide the opportunity for live questioning in student disciplinary hearings shows that controlling precedent exists on the questions for which Doe seeks certification.  S.J.C. R. 103 § 1.  Similarly, relying on SJC precedent, the First Circuit has repeatedly "defer[red] to 'the choices of student discipline

proceedings made by private academic institutions,' *BC II*, 942 F.3d at 535, and adheres to the principle in Massachusetts law that courts are "chary about interfering with academic and disciplinary decisions made by private colleges and universities, *id.* (quoting *Schaer*, 735 N.E.2d at 381) (cleaned up))." *Sonoiki*, 37 F.4th at 715.  Thus, controlling precedent also exists to the effect that the SJC would defer to educational institutions and would not spell out the requirements that the obligation of basic fairness imposes for purposes of college and university disciplinary proceedings.

Doe has not presented a basis for certifying the proposed questions of law to the SJC.

IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court (Dkt. No. 43) is DENIED.

It is so ordered.

Date:  September 7, 2022                           /s/ Katherine A. Robertson
                                                   KATHERINE A. ROBERTSON
                                                   United States Magistrate Judge